SO ORDERED.

Dated: December 9, 2013

Daniel P. Collins, Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

In re

**POTENTIAL DYNAMIX, LLC,**

Debtor.

In Chapter 11 proceedings

Case No.: 2:11-bk-28944-DPC

**ORDER DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND GRANTING AMAZON'S CROSS-MOTION FOR SUMMARY JUDGMENT**

(Not for Publication- Electronic Docketing ONLY) [1]

The Chapter 11 Trustee, Timothy Shaffer, (the "Trustee") seeks summary judgment granting the Debtor's motion to assume its contract with Amazon Services, LLC ("Amazon") pursuant to § 365[2] and denying Amazon's motion for relief from the automatic stay. Amazon filed a cross-motion for summary judgment opposing assumption of the contract and seeking stay relief to terminate the contract. The Court

---

[1] Solely for the purpose of deciding these motions for summary judgment, the Trustee, to streamline the issues and advance the litigation process, does not dispute the facts recounted in this order. However, the Trustee states that "if this matter proceeds to trial, [he] may present evidence to the contrary." (Trustee's Controverting Statement of Facts, Dkt. No. 333). Accordingly, the findings of fact and conclusions of law set forth in this decision are made for the purpose of deciding these cross-motions for summary judgment only and, except to the extent such findings are necessary predicates for the Court's ultimate rulings on the cross-motions for summary judgment, shall not serve as res judicata, collateral estoppel or law of the case in other proceedings before this Court. The issues addressed constitute a core proceeding over which this Court has jurisdiction. 28 U.S.C. §§ 1334(b) and 157(b).

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

1

heard oral argument on the motions and now grants summary judgment in favor of Amazon.

**I.     Facts**

On January 18, 2011 the Debtor and Amazon entered into a Merchants Program Agreement (the "Contract"). The Contract grants the Debtor the ability to sell its products on Amazon's website. As a condition to granting permission to sell its products on Amazon's website, the Debtor agreed to not list any "Excluded Products" for sale. Excluded Products are defined in Section 1.1 of the Contract. Under the Contract, Amazon reserved the right to identify Excluded Products that may be legal to sell but which Amazon chooses not to allow for sale on its website for various reasons. Section 10.1 of the Contract details Amazon's grounds to terminate the Contract, and provides, in relevant part, as follows:

> Either Party may terminate the [Contract] at any time …. by written notice to the other Party if the other Party materially breaches its obligations hereunder, provided that (i) the non-breaching Party first sends written notice to the breaching Party in accordance with Section 11.5 describing the breach with reasonable particularity and referencing the specific Section(s) of this Agreement breached and declaring intent to terminate the Term on the basis of such breach in accordance with this Section; and (ii) the breaching Party does not cure the breach within 30 days following its receipt of such notice . . . [the "Default Notice"] Notwithstanding the foregoing, the cure period described in clause (b)(ii) above will not apply in the event of a material breach of Section 5, and in such event the non-breaching Party may terminate the Term immediately . . . In addition to the foregoing, Amazon may terminate the Term at any time during the Term immediately upon written notice to Seller if Seller: (y) repeatedly fails to perform its obligations under this Agreement.

On eight separate occasions, between October 4, 2012 and December 13, 2012, the Debtor offered Excluded Products for sale on the website and Amazon suppressed

each offer. Amazon sent a communication each time it suppressed the Debtor's offers advising the Debtor that the listing contained an Excluded Product and "that a failure to comply with [Amazon's] policies may result in the removal of [the Debtor's] selling privileges." (Gibson Declaration at Ex. 1, Dkt. No. 255). On December 18, 2012 Amazon sent an email to the Debtor temporarily suspending its selling privileges until the Debtor created a "detailed plan to ensure compliance with [Amazon's] policies." (Althauser Declaration at Ex. 2, Dkt. No. 254). In response, the Debtor submitted a plan where its inventory manager would ensure that each contemplated product offer does not violate Amazon's policies prior to listing such product for sale on Amazon's website. Amazon promptly reinstated the Debtor's selling privileges but warned the Debtor that any further listings of Excluded Products would jeopardize the Debtor's selling privileges on Amazon's website.

Despite prior warnings and the temporary suspension of the Debtor's listing privileges, the Debtor continued selling Excluded Products on the Amazon website. Amazon points to seven of the Debtor's offers to sell Excluded Products between December 18, 2012 and April 11, 2013. (Gibson Declaration at ¶ 11, Dkt. No. 255). Amazon suppressed all but one of these offers and sent the Debtor a notification each time it suppressed such product offers, identifying the product as an Excluded Product and warning the Debtor that a failure to comply may result in removal of the Debtor's selling privileges. (Gibson Declaration at ¶ 12, Dkt. No. 255). Finally, on April 11, 2013 Amazon sent the Debtor a letter terminating the Contract under Section 10.1.

This Court earlier found that Amazon's termination of the Contract was in violation of the bankruptcy automatic stay. (Dkt. No. 262). Amazon's April 11, 2013

3

Case 2:11-bk-28944-DPC    Doc 398    Filed 12/09/13    Entered 12/09/13 14:04:00    Desc
Main Document    Page 3 of 8

Contract termination was void. The Contract was reinstated as of April 26, 2013. Amazon thereafter filed a motion for relief from stay. The Debtor filed a motion to assume the Contract. The Trustee then filed his motion for summary judgment. Amazon filed its cross-motion for summary judgment. The Court heard oral argument on the motions for summary judgment and took the matter under advisement.

**II.     Discussion**

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions and provides that summary judgment must be granted if the movant shows that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 312, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The movant has the initial burden of demonstrating there are no genuine issues of material fact. *See Celotex*, 477 U.S. at 323. "A material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party.'" *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 514 (9th Cir. 2010) (*quoting Liberty Lobby,* 477 U.S. at 248).

In this case, there are no genuine issues of material fact.[3] The parties agree the Debtor repeatedly offered Excluded Products for sale on Amazon's website. However, the parties disagree whether this alone is enough to give Amazon the right to terminate the Contract under Section 10.1.

---

[3] The Trustee does not dispute any of the facts recounted in this order. However, the Trustee states that he "disputes the accuracy and characterization of the facts . . . and, if this matter proceeds to trial, may present evidence to the contrary. Nevertheless, these facts are not material to the Court's ruling on the matter. Therefore, solely for purposes of the matter, the Court may assume said facts to be true." (Trustee's Controverting Statement of Facts, Dkt. No. 333).

Both parties agree there are two grounds to terminate the Contract under Section 10.1. One way to terminate the Contract following a breach is pursuant to the general rule in Section 10.1 which states that the non-breaching party must provide the breaching party with a Default Notice and allow the breaching party 30 days to cure its default. The Court finds that a Default Notice, as described in Section 10.1, was not provided to the Debtor so Amazon cannot rely on this general rule to terminate the Contract.

The other way to terminate the Contract under Section 10.1 is an exception to the general termination rule which provides that the Contract may be terminated due to a repeated failure to perform under the Contract. The last sentence of Section 10.1 states: "In addition to the foregoing, Amazon may terminate the Term at any time during the Term immediately upon written notice to Seller if Seller: (y) repeatedly fails to perform its obligations under this Agreement." Amazon relies on this sentence as grounds to terminate the Contract because the Debtor repeatedly failed to perform its obligations by repeatedly offering Excluded Products for sale on Amazon's website. The Trustee, on the other hand argues that Amazon must send a Default Notice at least once before the exception in the last sentence of Section 10.1 may apply.

The Court agrees with Amazon's interpretation of the Contract and finds that the last sentence of Section 10.1 does not require Amazon to send a Default Notice prior to terminating the Contract for the Debtor's repeated failure to abide by the Contract's terms. The Trustee attempts to read "Default Notice" into the last sentence of Section 10.1. However, the language of Section 10.1 does not require a Default Notice to terminate the Contract under this exception to the general rule.

The Trustee contends that this interpretation of Section 10.1 places unreasonable demands on the Debtor because it allows Amazon to terminate the Contract although the Debtor may not know that its actions aggrieved Amazon. However, in this case the Debtor unquestionably knew that Amazon was perturbed. The Debtor received numerous notices that it was breaching the Contract by offering Excluded Products for sale. Its selling privileges were even suspended just prior to the Debtor's numerous additional breaches. The Debtor knew it was failing to perform under the Contract and that there was a significant risk that its actions could lead to termination of the Contract. This Court finds Amazon has the right to terminate the Contract under Section 10.1.

A right to terminate the Contact under Section 10.1 alone is not enough to prevent the Debtor from assuming the Contract. The Debtor may still assume the Contract under § 365(b) if it cures all monetary and non-monetary defaults. *See In re Claremont Acquisition Corp. Inc*., 113 F.3d 1029 (9th Cir. 1997). However, if the defaults are non-curable and "material or economically significant" then the Debtor may not assume the Contract and Amazon would have "cause" for stay relief so that it may terminate the Contract. *In re Clearwater Natural Resources, LP*, 2009 WL 2208463 at *3 (Bankr. E.D. Ky. 2009) (*citing In re Joshua Slocum Ltd*., 922 F.2d 1081, 1092) (3rd Cir. 1990) (A bankruptcy court may use its discretion to not enforce a contractual provision "in a bankruptcy context in which there is no substantial economic detriment to the [non-breaching party] shown, and in which enforcement would preclude the bankruptcy estate from realizing the intrinsic value of its assets."). If the Debtor's repeated offers to sell Excluded Products on Amazon's website were not "material or economically significant"

6

defaults then the Court may exercise its discretion and not enforce the provision allowing Amazon to terminate the Contract but, rather, allow the Debtors to assume the Contract.

This Court finds the Debtor's repeated offers to sell Excluded Products are non-curable defaults which are material and economically significant. The Debtor serially listed Excluded Products for sale on Amazon's website. These listings cannot be undone. By listing Excluded Products for sale on Amazon's website, the Debtor placed Amazon's customers at risk and jeopardized Amazon's reputation and standing with the Food and Drug Administration and the consumer public. As a consequence of the Debtor's actions Amazon could have been harmed financially. This is exactly why Amazon's Contract contains these default provisions. The Debtor's repeated failures to properly perform its contractual obligations were not only grounds to terminate the Contract under Section 10.1, but were also materially and economically significant defaults which prevent the Debtor from assuming the Contract and, in turn, serve as "cause" to grant Amazon relief from the bankruptcy automatic stay.

### III. Conclusion

There are no genuine issues of material fact in this case. Amazon is entitled to judgment as a matter of law. The Court denies the Trustee's motion for summary judgment and grants Amazon's cross-motion for summary judgment. The Debtor may not assume the Contract. Amazon is granted stay relief to send a letter terminating the Contract pursuant to Section 10.1(y). Stay relief shall be effective 30 days from entry of this order.

**So ordered.**

Dated:

1                                                   _____
                                                         DANIEL P. COLLINS

2                                               UNITED STATES BANKRUPTCY JUDGE

3

4 COPY of the foregoing mailed by the BNC and/or

5 sent by auto-generated mail to:

6 All interested parties

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28