Dale C. Schian, #010445
Michael R. Ross #016735
dale.schian@gknet.com
mrr@gknet.com
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
Attorneys for Gallagher & Kennedy P.A.
and Dale C. Schian

Email for Electronic Service and
Court documents: bkdocket@gknet.com

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| In re: | Case No. 2:11-bk-28944-DPC |
|---|---|
| POTENTIAL DYNAMIX, LLC, | CHAPTER 11 |
| Debtor. | |
| | **OBJECTION TO APPLICATION FOR RULE 2004 EXAMINATION OF GALLAGHER & KENNEDY AND DALE SCHIAN** |
| | Hearing Date: January 6, 2022<br>Time: 10:00 am |

  Gallagher and Kennedy, P.A. ("G&K") and Dale C. Schian ("Schian") object to the *Application for Rule 2004 Examination and Production of Documents of Gallagher & Kennedy, P.A. and Dale C. Schian* [DE 641] ("Application" and "Objection"). The Court should deny the Application because it is an inappropriate attempt to use Rule 2004 in these proceedings to conduct discovery in litigation pending in Superior Court in a matter unrelated to the debtor or to the administration of this estate. This Objection is supported by the following Memorandum of Points and Authorities, the relevant filings and history in this case, and the attached exhibits.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As this Court is aware, Schian and Jess and Goldberg are litigating issues related to Schian Walker, P.L.C. ("SW") before Judge Danielle Viola in Maricopa County Superior Court (the "Superior Court Litigation"). The Application, which describes several events related to and in dispute regarding SW, transparently seeks discovery related to the Superior Court Litigation. The Application also admits (2:5-7) that this Court approved G&K's employment and retention of the Swift and Amazon cases. Although the Application alleges a failure to disclose, the matters set forth below were disclosed by G&K in these proceedings nearly two years ago. Indeed, Jess and Goldberg responded by filing a *Statement of Position and Reservation of Rights Regarding the Employment of Gallagher & Kennedy P.A. as Special Counsel* [DE 593].

## II. LAW AND ARGUMENT

### A. Rule 2004 Examinations Must Relate to the Debtor or Its Estate

Although the permissible scope of a Rule 2004 examination is broad, it is not without limits. Rule 2004 examinations are *only* for matters related to the debtor, matters that affect the administration of the estate, or the debtor's right to a discharge. Even the authorities cited in the Application (3:17-23) support that proposition. The Application seeks discovery on none of those things. Instead, the Application seeks discovery for matters outside of those parameters and for matters related to the Superior Court Litigation. The granting of the Application will not affect the debtor's estate – it will not increase or decrease its costs of administration. The examination of a witness as to matters having no relationship to the debtor's affairs or no effect on the administration of his estate is improper. *In re Johns-Manville Corp.,* 42 B.R. 362, 364 (S.D.N.Y. 1984). Thus, although Rule 2004 permits examinations of "third parties," the language of the rule makes it evident that an examination may be had only of those persons possessing knowledge of a *debtor's* acts, conduct, or financial affairs so far as it relates to a debtor's proceeding in bankruptcy. It is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation

of a non-debtor's affairs. *In re GHR Energy Corp.,* 35 B.R. 534 (Bankr. D. Mass 1983). And, it may not be used for purposes of abuse or harassment. *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). The proposed Rule 2004 examination is inappropriate because it has no bearing on the debtor or the estate.

### B. **Discovery is not Proper in the Debtor's Case Where There is Pending Litigation in the Superior Court**

Goldberg and Jess are trying to sidestep the applicable process and limitations in the Superior Court (and the Arizona Rules of Civil Procedure) by using this Court to obtain discovery for the Superior Court Litigation. The "pending litigation rule" applied by many courts precludes a Rule 2004 examination when discovery is available in a pending adversary proceeding. *See In re Blinder Robinson & Co.,* 127 B.R. 267, 274-75 (D. Colo. 1991) ("[I]f an adversary proceeding or contested matter is pending, the discovery devices provided for in Rules 7026-7037, which adopt various discovery provisions of the Federal Rules of Civil Procedure, apply and Rule 2004 should not be used."). "The reason for the rule is to avoid Rule 2004 usurping the narrower rules for discovery in a pending adversary proceeding." *In re International Fibercom, Inc.,* 283 B.R. 290, 293 (Bankr. D. Ariz. 2002).

Courts have also recognized that Rule 2004 examinations may be inappropriate "where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee." *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) citing *In re Enron Corp.*, 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002). *See also, Snyder v. Soc'y Bank,* 181 B.R. 40, 42 (S.D. Tex. 1994), *aff'd sub nom., In re Snyder,* 52 F.3d 1067 (5th Cir.1995) (mem.) (characterizing the use of Rule 2004 to further a state court action as an abuse of Rule 2004 and stating that the bankruptcy court did not abuse its discretion by denying production under a subpoena issued under Rule 2004, where appellant's primary motivation was to use those materials in a state court action against the examinee).

## C. The Terms of the Employment Agreement Were Disclosed

The purported justification for the Application is that the terms of G&K's employment were not disclosed. The *Application to Employ Gallagher & Kennedy as Special Counsel to Conclude the Representation of the Trustee in Adversary 2:13-AP-00799* [DE 579] ("Employment Application") demonstrates that is incorrect. The Employment Application reflects:

- SW agreed to represent the Trustee on a contingent fee basis. *Id.* at 2:5-6.
- The attorneys primarily responsible for the representation at SW had left the firm. *Id*. 2:7-9.
- Goldberg declined to continue with the representation. *Id*. 8-9.
- G&K was willing to conclude the representation "on an hourly basis," but to limit its recovery "solely to amounts that would otherwise be payable to Schian Walker, all in accordance with the agreement that [was] attached [thereto] as Exhibit "A." *Id.* 2:20-23.
- All compensation is expressly subject to prior approval by this Court. *Id.* 3:1-6.
- Exhibit A to the Application is an *Agreement of Counsel*.
- Exhibit A provides that SW was obligated to perform *three* Agreements as defined in Exhibit A. One in the Swift Adversary, another in the Amazon Adversary, and the Morones Engagement.
- Exhibit A reflects that SW required the participation of G&K to perform the Agreements.
- G&K agreed to perform SW's obligation under the Agreements on an *hourly* basis and wait to be paid from the first recoveries under the Agreements. Exhibit A.
- After G&K is paid its costs and hourly charges, all additional fees and costs due to SW under the Agreements paid to SW. *Id.* at 2.

There was nothing untoward or undisclosed. SW had three Agreements it could not perform. Goldberg and Jess declined to undertake representation when it was offered to them. The clients needed continued representation. G&K was willing to undertake the representation and to fund all of the costs associated with it, on the condition that G&K was paid from the funds otherwise due to SW. G&K advanced substantial sums for experts and deferred payment of over $2 Million in hourly fees.

The Agreement of Counsel protected the former SW clients and protected SW from the consequences of that firm's inability to perform its obligations under the Agreements. G&K has performed SW's obligations for the past two years. Now, after G&K expended substantial effort, time, and energy, and G&K shouldered the substantial costs and time associated with the cases, Goldberg and Jess seek to object to the Employment Application as somehow undisclosed. But that is not accurate nor truthful. The Employment Application *expressly* discloses that:

> Special Counsel has agreed to work on an *hourly* basis and to be paid its costs and *hourly* fee charges (including any bonus to which Special Counsel may be entitled) *solely from amounts that would otherwise be payable to Schian Walker, all in accordance with the agreement that is attached hereto as Exhibit "A."*

Employment Application at 2 ¶ 5 (emphasis added). The terms of the employment were fully disclosed and approved. There is nothing unethical or improper about them.

Six times, the Application asserts that G&K agreed to undertake the representation on "a contingency fee arrangement." Application at 2:6-7, 2:8, 2:15-16, 2:17-18, 2:25-26 and 4:9. As reflected in the Employment Application, G&K did not agree to take over the representation on a contingent fee basis. There's neither an agreement to share the SW contingent fee nor an agreed allocation of the contingency between SW and G&K. G&K fulfilled SW's obligations under the Agreements on an hourly basis while permitting SW to have the benefit of a favorable recovery. Jess and Goldberg's intent is apparent to anyone interested -- having abandoned SW and its obligations under the Agreements, they hope to

participate in the Swift contingency fee,[1] but fear that recovery will be diminished by the cost of performing the other two Agreements.

### III. CONCLUSION

The Application is an improper attempt to conduct discovery outside of the Superior Court Litigation concerning matters that do not affect the administration of this estate. The pending litigation rule bars that result. Moreover, the Application is full of inaccuracies and misrepresentations and an improper attempt to interfere with the relationship between G&K and its client. The Application should be rejected.

DATED January 4, 2022.

GALLAGHER & KENNEDY, P.A.

By: */s/Dale C. Schian*
    Dale C. Schian
    Michael R. Ross
    2575 East Camelback Road
    Phoenix, Arizona 85016-9225
    *Attorneys for Gallagher & Kennedy P.A. and Dale C. Schian*

### CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2022, I electronically transmitted the attached document to the following parties:

Keith Hendricks
Moyes Sellers & Hendricks
1850 N. Central Ave., Suite 1100
Phoenix, AZ 85004
khendricks@law-msh.com

---

[1] Somewhat inaccurately, the Application twice refers to "the contingency fee portion of the funds that the Swift bankruptcy estate will or may receive as settlement proceeds in the Swift Litigation." Application at 2:10-11, 3:5-7.

Thomas Allen, Esq.
Allen Barnes & Jones PLC
1850 N. Central Ave., Suite 1150
Phoenix, AZ 85004
tallen@allenbarneslaw.com

Elizabeth C. Amorosi
Office of the U.S. Trustee
230 N. 1st Ave., Suite 204
Phoenix, AZ 85003
Elizabeth.C.Amorosi@usdoj.gov

Jennifer A. Giaimo
Office of the U.S. Trustee
230 N. 1st Ave., Suite 204
Phoenix, AZ 85003
Jennifjer.A.Giaimo@usdoj.gov

James E. Cross
Cross Law Firm, PLC
PO Box 45469
Phoenix, AZ 85064
jcross@crosslawaz.com

    */s/Jo Magallanes*
8779886v6/3-0510