James E. Cross, Bar No. 009063
Nathan A. Finch, Esq. #031279
**CROSS LAW FIRM, P.L.C.**
7301 N. 16th St., Suite 102
Phoenix, Arizona 85020
PO Box 45469
Phoenix, AZ 85064
Ofc: (602) 412-4422
Email: jcross@crosslawaz.com
*Counsel for Timothy Shaffer, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>POTENTIAL DYNAMIX, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 2:11-bk-28944-DPC<br><br>**CHAPTER 7 TRUSTEE'S RESPONSE TO RECEIVER'S MOTION TO STRIKE OMNIBUS OBJECTION**<br><br>Hearing Date: November 16, 2023<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom 603 |

Timothy H. Shaffer, the Chapter 7 Trustee appointed herein, ("Trustee"), by and through undersigned counsel, hereby files his Response to the Receiver's Motion to Strike Omnibus Objection (the "Response"), and states as follows:

**I. FACTUAL BACKGROUND**

1. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 13, 2011.

2. Timothy Shaffer was appointed Chapter 11 trustee in this case by Order of this Court dated January 27, 2012 (dkt. 110).

3. On September 15, 2022, Gallagher &Kennedy ("G&K") filed its *First Interim Application for Compensation and Reimbursement of Fees for Gallagher & Kennedy, Attorneys for the Chapter 11 Trustee* (Dkt. 673), requesting approval of fees in the amount of $1,603,367.00 and costs of $297,392.54, for a total interim request of $1,900,759.54 (the "G&K Claim"). The Trustee filed his *Conditional Objection to First Interim Application for*

*Compensation and Reimbursement of Fees for Gallagher & Kennedy* on October 14, 2022 (the "Conditional Objection") (Dkt. 690). In the Trustee's Conditional Objection, the Trustee specifically objected to any and all fees and costs paid to Serena Morones, the expert in the Amazon Adversary, in the approximate amount of $607,588.74. The Trustee also objected to G&K's stated position that the Amazon contingent fee does not share pro rata with other administrative claimants.

4. On October 7, 2022, David Reaves, the court-appointed Receiver for SW, filed the Third Application for Approval and Reimbursement of Expenses as Former Counsel to Chapter 11 Trustee (Dkt. 682), seeking approval for the reimbursement of costs and expenses incurred on the Trustee's behalf in the amount of $463,459.65 (the "SW Receiver Claim"). The Trustee filed his Conditional Objection to the SW Receiver Claim on October 28, 2022 (Dkt. 710), stating his objection to any and all expenses related to the fees and costs paid to Serena Morones, the expert in the Adversary Proceeding, which the Court found to be completely non-credible, and the Trustee believes did not benefit the Estate.

5. On January 27, 2023, Trustee filed his Motion for Immediate Conversion to Chapter 7 (the "Motion to Convert"), due to the fact that this case is hopelessly administratively insolvent. A hearing was held on the Motion to Convert on January 31, 2023, at which time the conversion of this case to Chapter 7 of the Bankruptcy Code was ordered (Dkt. 742). The Motion to Convert was unopposed.

6. On February 1, 2023, Mr. Shaffer was appointed as the Chapter 7 trustee for this estate.

7. Upon conversion of the case, this Court issued the *Notice of Chapter 7 Bankruptcy Case – Proof of Claim Deadline Set* (Dkt. 756), setting the deadline for filing proofs of claim for April 11, 2023.

8. On March 7, 2023, Ashworth filed its *First and Final Application for Allowance of Compensation of Consulting Expert Ashworth Consulting*, seeking compensation in the amount of $650,553.22 for its services in the Amazon Adversary (the "Ashworth Claim") (Dkt. 774). The Trustee filed his Objection to the Ashworth Claim on June 5, 2023 (Dkt. 795), based on the fact that Trustee believes that Ashworth's fees were not in line with the results obtained in the Amazon Adversary, and that some or all of the hours expended by Ashworth were not reasonably calculated to benefit the Estate.

9. On September 9, 2023, the Trustee filed *Trustee's Omnibus Objection to Certain Administrative Claims and Proposal for Distribution from Chapter 7 Estate* at docket no.. 843 ("Omnibus Objection").

10. On October 6, 2023, the Receiver for SW filed the *Receiver's Motion to Strike Trustee's Omnibus Objection* ("Motion to Strike") (Dkt. 848).

11. On November 3, 2023, G&K filed a joinder in the Receiver's Motion to Strike (Dkt. 860).

## II. RESPONSE TO MOTION TO STRIKE

The Omnibus Objection was specifically designed to provide a clear basis for each of the previously filed objections to be properly considered in context with each other. The tree of each of these claims comes from the same root individual attorneys who performed services that were at minimum deficient and to the detriment of the estate. Further, these same individuals through various entities continue to fight amongst each other to the detriment of their former client.

Rather than address the legal and factual basis that underlies the Trustee's objections to the claims filed, both the Receiver for SW and Gallagher and Kennedy seek to have this argument struck on procedural grounds.

The Receiver for SW correctly states that the joinder of separate claims is not allowed without order of the court.

First, as fully briefed in the Omnibus Objection, these claims are inextricably intertwined. It is frankly sophistry to insist that the claims in question could be analyzed separately. The very same individuals, Dale Schain, Scott Goldberg, and Cody Jess would be the same witnesses providing the same testimony in an evidentiary hearing on each claim. Second, the Receiver for SW neglects to mention that each of these claims were previously objected to individually. Each entity has clear notice of the fact of the Trustee's objection, and with the Omnibus Objection each entity has a clear understanding of the Trustee's basis for such an objection.

### III. CONCLUSION

Rather than strike the Omnibus Objection, this Court must order joinder of these claims in one hearing as allowed by Bankruptcy Rule 3007(c). This joinder will promote judicial efficiency and avoid inequitable outcomes by trying the issues around each claim separately.

RESPECTFULLY SUBMITTED this 6th day of November, 2023.

**CROSS LAW FIRM, P.L.C.**

/s/ *James Cross (#9063)*
James E. Cross
*Counsel for Timothy Shaffer, Chapter 7 Trustee*

Original filed and Copies of the foregoing
served electronically via the Court's
CM/ECF Notification System this 6th day of
November, 2023, on all parties that have
appeared in the case.